Peter A. Davidson (SBN 76194)
  pdavidson@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325
E-Mail: pdavidson@ecjlaw.com

Attorneys for Stephen J. Donell, Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. CV 10-1689-GW(AJWx) |
| Plaintiff, | **FIRST STATUS REPORT OF STEPHEN J. DONELL, RECEIVER** |
| v. | DATE: July 12, 2010<br>TIME: 9:00 A.M.<br>CTRM: 10 |
| FRANCOIS E. DURMAZ (aka MAHMUT E. DURMAZ), ROBERT C. PRIBILSKI, USA RETIREMENT MANAGEMENT SERVICES (aka USA FINANCIAL MANAGEMENT SERVICES, INC., | |
| Defendants. | |
| And | |
| SIBEL INCE, MEHMET KARAKUS, MARLALI GAYRIMENKUL YATIRIMLARI, MARLALI PROPERTY INVESTMENT COMPANY, LLC, GULEN ENTERPRISES, INC., | |
| Relief Defendants. | |

IDOCS:13326.7:1061355.1

FIRST STATUS REPORT OF STEPHEN J. DONELL, RECEIVER

Stephen J. Donell, Receiver ("Receiver") for defendant USA Retirement Management Services (aka USA Financial Management Services, Inc.) ("USA") and all entities controlled by defendants Francois E. Durmaz ("Durmaz") and Robert C. Pribilski ("Pribilski"), including Marlali Property Investment Company, LLC ("Marlali"), and their subsidiaries and affiliates (collectively "Receivership Entities"), submits this First Status Report of Receiver ("Report") for the status conference set in this case.

## I. PROCEDURAL BACKGROUND.

On March 9, 2010, the United States Securities and Exchange Commission (the "SEC") filed its Complaint For Violation of Federal Securities Laws ("SEC Complaint") against Defendants Durmaz, Pribilski, and USA, and various Relief Defendants, accompanied by an Ex Parte Application of Plaintiff Securities and Exchange Commission for Temporary Restraining Order: Orders: 1) Freezing Assets; 2) Appointing a Temporary Receiver; 3) Prohibiting the Destruction of Documents; 4) Granting Expedited Discovery; 5) Repatriating Funds; 6) Requiring Surrender of Passports; and 7) Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver. On March 9, 2010, this Court issued a Temporary Restraining Order freezing assets and prohibiting the destruction of documents by the Defendants and Relief Defendants, and issued an Order to Show Cause set for March 23, 2010.

On March 16, 2010, Mark Hathaway entered his appearance in this matter as counsel for defendant Pribilski. The Receiver is unaware of any other formal appearances. On March 24, 2010 the Court entered its order granting the SEC's request for preliminary injunction and making the Receiver's appointment as receiver for the Receivership Entities permanent.

## II. SUMMARY OF RECEIVER'S ACTIVITIES AND EFFORTS.

The Receiver has filed two motions dealing with administrative matters.[1] On April 15, 2010 this Receiver filed an Ex Parte Application for an Order Shortening Time for Notice and Hearing on the Receiver's Motion to: (1) discontinue business operations; (2) vacate premises in

---

[1] On March 22, 2010 the Receiver filed his "First Interim Report of Stephen J. Donell, Temporary Receiver" which discussed the Receiver's activities during the first two weeks of the case and his recommendations.

Century City/Irvine, California and Oakbrook Terrace, Illinois and reject leases; (3) employ auctioneer to sell personal property; (4) return client files; (5) authorize the Receiver to sell a Ford E150 cargo van; (6) ratify the Receiver's employment of attorneys and accountants; (7) approve the Receiver's employment of a property manager; and (8) approve listing agreements for real property. The Court granted the Receiver's Ex Parte Application for an Order Shortening Time and a hearing on the Receiver's Motion was heard on May 3, 2010, at which time the Court granted the Receiver's Motion and authorized him to take the actions requested in his Motion.

The Receiver subsequently filed, on May 5, 2010, a Motion for authority to sell vehicles and pay commissions related to the sale of the vehicles. A hearing on the Receiver's Motion was heard on June 3, 2010, at which time the Court granted the Receiver's Motion.

Based on the Court's orders granting the Receiver's Motions, the Receiver employed an auctioneer to sell the personal property of the Receivership Entities located in California and Illinois. Auctions took place on June 7th and 8th in Irvine and Century City on June 14th in Oakbrook Terrace, Illinois. After expenses, the sale netted approximately $20,000.00

The Receiver has listed for sale the real property owned by the Receivership Entities in Illinois. The Receiver has received an offer for one of the properties, a vacant apartment building in Cicero, Illinois. The Receivers made a counteroffer and the counteroffer has been accepted by the proposed purchaser. Once the sale is fully documented and the contingency period runs, the Receiver will be filing a motion to have this Court approve the sale of the property.

Pursuant to the Court's order, the Receiver sold the Ford E150 cargo van.

The Receiver is in the process of returning client files to USA clients, as requested by the clients. Thus far, less than five clients have asked for their files to be returned.

The Receivers' accountants have started the process of preparing an accounting of the disposition of the funds obtained by the Defendants and the Receivership Entities from the public. Once completed, this accounting will enable the Receiver to determine the disposition of the funds and whether claims exist that can be pursued against third parties.

///

///

### III. STATUS OF RECEIVERSHIP FINANCES

Attached hereto as Exhibit "1" are the Receiver's interim accountings from the commencement of the Receiver's appointment through May, 2010. The bulk of the expenses paid to date relate, in large part, to the Receiver having to employ experts to make copies of the hard disks in all of the Receivership Entities' computers due to a subpoena served by the United States Attorney for the records. Document Technologies, inc was paid $53,805.26 for scanning, data collection and imaging work in Illinois. Maryman & Associates was paid $26337.50 for similar work in California. Absent copying the hard drives, Receiver would not have any of the information contained therein with which to conduct his investigation as to the disposition of the Receivership entities' funds, possible customer claims, and possible causes of action the Receiver may have. Neither the Receiver, his attorneys nor accountants have been paid anything as of yet for the services they have rendered, nor have they been reimbursed, as yet, for the expenses they have advanced on behalf of the Receivership Estate.

### IV. CLAIMS PROCEDURE

The Receiver has not yet set up a claims procedure in this case. The Receiver is having his counsel prepare an appropriate motion to establish a claims procedure and hopes to have that motion on file shortly. Once this Court approves the claims procedure, claim forms will be mailed to known creditors of the Receivership Estate, posted on the Receiver's website, and possibly published.

### V. RECOMMENDED FURTHER INVESTIGATION AND ACTIVITIES.

The Receiver's efforts to recover relevant Receivership Entity documents and records are ongoing, and the materials obtained to date do not provide a complete understanding of the Receivership Entities' history and financial activities, or the location and amounts of remaining Receivership assets. In part, the Receiver's document recovery efforts have been hampered by the defendants' failure to provide the Court with an accounting of their assets, as required by the Appointment Order,[2] and by defendant Durmaz having fled the country. In addition, it appears as

---

[2] Only defendant, Pribilski filed a Schedule of Assets.

though millions of dollars have been transferred to Turkey and it is not known whether any of these funds will be recoverable.

### A. Continue Document Recovery Efforts.

The Receiver's document recovery efforts are incomplete. Crowe is continuing to review and examine the financial information contained on the computers that were located at the various business locations maintained by the Receivership Entities.

The Receiver intends, if necessary, to serve document subpoenas upon additional third parties believed to be in possession of Receivership Entities documents or assets. The Receiver reserves the right to depose any individual or entity believed to possess information relevant to his charge, as defined by the Appointment Order.

### B. Continue Receivership Asset Recovery Efforts.

As additional documentary evidence is acquired, it may be possible to better identify the location of outstanding or currently unaccounted for Receivership Assets. Once located, the Receiver will proceed with recovery efforts, including the initiation of claims against third parties in possession of Receivership Assets.

### C. Sale of Assets.

The Receiver, as indicated, has sold the personal property maintained in the Receivership Entities offices and has listed the real property for sale. Efforts to sell the real property will continue.

## VI. CONCLUSION.

Based on the Receiver's preliminary investigation and findings, the Receiver recommends and requests that the Court order that the receivership continue pursuant to the Appointment Order and any supplemental orders issued by the Court.

DATED: June 28, 2010                ERVIN COHEN & JESSUP LLP

                                    By: _____
                                        PETER A. DAVIDSON
                                        Attorneys for Stephen J. Donell

IDOCS:13326.7:1061355.1                 5
FIRST STATUS REPORT OF STEPHEN J. DONELL, RECEIVER

## VERIFICATION

I have read the foregoing FIRST STATUS REPORT OF RECEIVER, STEPHEN J. DONELL, and know its contents.

I am the Receiver appointed in this action. The matters stated in the foregoing document are true of my own knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June __, 2010, at Los Angeles, California.

_____
Stephen J. Donell

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    )
                       )  ss:
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On **June 28, 2010**, I served the document described as: **FIRST STATUS REPORT OF STEPHEN J. DONELL, RECEIVER**, on counsel for the parties in this action, or on the parties in propria persona, addressed as stated on the attached service list:

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   BY NEXT-DAY DELIVERY: Via Overnite Express. I am readily familiar with my employer's practice for the collection and processing of correspondence via Overnite Express. In the ordinary course of business, this correspondence would be picked up by Overnite Express on that same day.

[X]   BY ELECTRONIC TRANSMITTAL: I caused such document to be sent via email to the following e-mail addresses:

**Mark McClellan Hathaway**, mhathaway@werksmanlaw.com
**Byron Z Moldo**, bmoldo@ecjlaw.com,pdavidson@ecjlaw.com,lpekrul@ecjlaw.com, echeung@ecjlaw.com,steve.donell@jalmar.com
**David J Van Havermaat**, vanhavermaatd@sec.gov,marcelom@sec.gov
**Morgan B Ward Doran**, warddoranm@sec.gov

[ ]   BY FACSIMILE: I caused such document to be sent via facsimile to the names and facsimile numbers listed above and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on **June 28, 2010**, at Beverly Hills, California.

_____
Lore Pekrul

IDOCS:13326.7:1026880.1

**SERVICE LIST**

<u>*Attorneys for Plaintiff, SEC*</u>
David J. Van Havermaat, Esq.
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90036
T:  323/965-3998
F:  323/965-3908
E:  vanhavermaatd@sec.gov

<u>*Attorneys for Defendant, Robert C. Pribilski*</u>
Mark McClellan Hathaway, Esq.
Mark J. Werksman Law Offices
888 West Sixth Street, 4th Floor
Los Angeles, CA 90017
T:  213/688-0460
F:  213/624-1942
E:  mhathaway@werksmanlaw.com

ERVIN COHEN & JESSUP LLP

IDOCS:13326.7:1026880.1

-2-