DAVID J. VAN HAVERMAAT, Cal Bar. No. 175761
Email: vanhavermaatd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
John M. McCoy III, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

JS-6

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>     vs.<br><br>FRANCOIS E. DURMAZ (*aka* MAHMUT E. DURMAZ), ROBERT C. PRIBILSKI, USA RETIREMENT MANAGEMENT SERVICES (*aka* USA FINANCIAL MANAGEMENT SERVICES, INC.),<br><br>              Defendants,<br><br>     and<br><br>SIBEL INCE, MEHMET KARAKUS, MARLALI GAYRIMENKUL YATIRIMLARI, MARLALI PROPERTY INVESTMENT COMPANY, LLC, GULEN ENTERPRISES, INC.,<br><br>              Relief Defendants. | Case No. CV 10-1689 JST (AJWx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS FRANCOIS E. DURMAZ, ROBERT C. PRIBILSKI, AND USA RETIREMENT MANAGEMENT SERVICES, AND RELIEF DEFENDANTS SIBEL INCE, MEHMET KARAKUS, MARLALI GAYRIMENKUL YATIRIMLARI, MARLALI PROPERTY INVESTMENT COMPANY, LLC, AND GULEN ENTERPRISES, INC.** |

Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint and defendant USA Retirement Management Services, a/k/a USA Retirement Financial Services, Inc. ("USARMS") and relief defendants Marlali Gayrimenkul Yatirimlari ("MGY"), Marlali Property Investment Company, LLC ("Marlali Property"), and Gulen Enterprises, Inc. ("Gulen Enterprises") have entered general appearances; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

In addition, the Commission filed a Motion for Final Judgment By Default Against Defendants Francois E. Durmaz a/k/a Mahmut E. Durmaz ("Durmaz") and Robert C. Pribilski ("Pribilski") and Relief Defendants Sibel Ince ("Ince") and Mehmet Karakus ("Karakus") ("Motion for Final Judgment") pursuant to Rule 55 of the Federal Rules of Civil Procedure.  The Court, having considered the Commission's motion, the memorandum of points and authorities filed in support of the motion, the declarations, and all other documents filed in support of the motion, and all other evidence and argument presented regarding the motion, enters the following Final Judgment.

## I.

IT IS ORDERED that the Commission's Motion for Final Judgment is hereby GRANTED.  The hearing set for April 16, 2012, at 10:00 a.m. is VACATED.

## II.

IT IS FURTHER ORDERED that defendants Durmaz, Pribilski, and USARMS, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined

from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## III.

IT IS FURTHER ORDERED that defendants Durmaz, Pribilski, and USARMS, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS FURTHER ORDERED that defendants Durmaz, Pribilski, and USARMS, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

IT IS FURTHER ORDERED that defendants Durmaz and Pribilski, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

## VI.

IT IS FURTHER ORDERED that: (a) defendants Durmaz, Pribilski, and USARMS are jointly and severally liable for disgorgement of $32,282,791, representing ill-gotten gains derived from the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $216,878, for a total of $32,499,669; (b) relief defendant Ince is liable, jointly and severally with USARMS, for disgorgement of $306,800, representing ill-gotten gains received as a result of the conduct alleged in the Complaint for which Ince gave no consideration and to which she has no legitimate claim, together with prejudgment interest thereon in the amount of $2,061, for a total of $308,861; (c) relief defendant Karakus is liable, jointly and severally with USARMS, for disgorgement of $925,000, representing ill-gotten gains received as a result of the conduct alleged in the Complaint for which Karakus gave no consideration and to which he has no legitimate claim, together with prejudgment interest thereon in the amount of $6,214, for a total of $931,214; (d) relief defendant MGY is liable, jointly and severally with USARMS, for disgorgement in the amount of $6,020,000, representing ill-gotten gains received as a result of the conduct alleged in the Complaint for which MGY gave no consideration and to which it has no legitimate claim, together with prejudgment interest thereon in the amount of $40,442, for a total of $6,060,442; (e) relief defendant Marlali Property is liable, jointly and severally with USARMS, for disgorgement in the amount of $5,108,076, representing ill-gotten gains received as a result of the conduct alleged in the

1  Complaint for which Marlali Property gave no consideration and to which it has no
2  legitimate claim, together with prejudgment interest thereon in the amount of
3  $34,316, for a total of $5,142,392; and (f) relief defendant Gulen Enterprises is
4  liable, jointly and severally with USARMS, for disgorgement in the amount of
5  $969,788, representing ill-gotten gains received as a result of the conduct alleged
6  in the Complaint for which Gulen Enterprises gave no consideration and to which
7  it has no legitimate claim, together with prejudgment interest thereon in the amount
8  of $6,515, for a total of $976,303.

       Defendants Durmaz and Pribilski and relief defendants Ince and Karakus shall satisfy their obligations by paying the total amounts of disgorgement and prejudgment interest owed, as set forth above, within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying the remitter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants Durmaz and Pribilski and relief defendants Ince and Karakus shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

       The obligations of defendant USARMS and relief defendants MGY, Marlali Property, and Gulen Enterprises shall be deemed satisfied by the amount the Court-appointed permanent receiver collects, as reflected in the receiver's reports and final accounting to the Court.

///

///

**VII.**

IT IS FURTHER ORDERED that, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), defendants Dumaz and Pribilski are jointly and severally liable for a civil penalty in the amount of $6,073,322.  Defendants Durmaz and Pribilski shall make the payments within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying the remitter as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants Durmaz and Pribilski shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**VIII.**

IT IS FURTHER ORDERED that the Consent of Defendant USA Retirement Management Services and Relief Defendants Marlali Gayrimenkul Yatirimlari, Marlali Property Investment Company, LLC, and Gulen Enterprises, Inc. is incorporated herein with the same force and effect as if fully set forth herein, and that the parties thereto shall comply with all of the undertakings and agreements set forth therein.

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### X.

There being no just reason for delay, pursuant to Rules 54(b) and 55 of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: April 12, 2012

**JOSEPHINE STATON TUCKER**
HON. JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE