# EXHIBIT "B"

DAVID J. VAN HAVERMAAT, Cal Bar. No. 175761
Email: vanhavermaatd@sec.gov
MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email: warddoranm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCOIS E. DURMAZ (*aka* MAHMUT E. DURMAZ), ROBERT C. PRIBILSKI, USA RETIREMENT MANAGEMENT SERVICES (*aka* USA FINANCIAL MANAGEMENT SERVICES, INC.),<br><br>Defendants,<br><br>and<br><br>SIBEL INCE, MEHMET KARAKUS, MARLALI GAYRIMENKUL YATIRIMLARI, MARLALI PROPERTY INVESTMENT COMPANY, LLC, GULEN ENTERPRISES, INC.,<br><br>Relief Defendants. | Case No. CV 10-1689 GW (AJWx)<br><br>**PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; (5) REPATRIATING FUNDS; (6) REQUIRING SURRENDER OF PASSPORTS; AND (7) REQUIRING ACCOUNTINGS** |

On March 9, 2010, the Court, pursuant to application of plaintiff Securities and Exchange Commission ("Commission"), entered in this action a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Funds; (6) Requiring Surrender of Passports; and (7) Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Appointment of Permanent Receiver (the "TRO"). This matter came to be heard, on March 23, 2010, upon the Commission's application for a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Funds; (6) Requiring Surrender of Passports; and (7) Requiring Accountings (the "Application").

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, the Reply Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented, finds that:

    A.    This Court has jurisdiction over the parties that have been served in this action and the subject matter of this action and, additionally, jurisdiction to order ancillary relief regarding defendant Francois E. Durmaz a/k/a Mahmut E. Durmaz ("Durmaz") and relief defendant Mehmet Karakus ("Karakus").

    B.    Good cause exists to believe that defendants Durmaz, Robert C. Pribilski ("Pribilski"), and USA Retirement Management Services a/k/a USA Financial Management Services, Inc. ("USARMS"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a), 5(c), and 17 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a);

and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 and, additionally, defendants Durmaz and Pribilski have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

C. The Commission has demonstrated a probability of success on the merits and the possibility of dissipation of assets.

D. Defendants Pribilski and USARMS, and relief defendants Sibel Ince ("Ince"), Marlali Property Investment Company, LLC ("Marlali Property"), Marlali Gayrimenkul Yatirimlari ("MGY"), and Gulen Enterprises, Inc. ("Gulen") have been served with the summons, complaint, and other papers filed in this action; defendant Durmaz and relief defendant Karakus have not yet been served with the summons or complaint in this action.

E. Good cause exists to believe that defendants Pribilski and USARMS will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined. Good cause also exists to maintain the emergency ancillary relief ordered through the TRO against defendant Durmaz.

F. Good cause exists to maintain the asset freeze and ancillary relief ordered through the TRO against relief defendants Ince, Marlali Property, MGY, Gulen, and Karakus.

G. The Court finds that the Commission has made a sufficient showing that the assets over which a freeze is sought were derived from the fraudulent conduct of Defendants Durmaz, Pribilski, and USARMS.

///

**I.**

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Funds; (6) Requiring Surrender of Passports; and (7) Requiring Accountings is hereby GRANTED.

**II.**

IT IS FURTHER ORDERED that Defendants Pribilski and USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) & 77(e)(c).

**III.**

IT IS FURTHER ORDERED that Defendants Pribilski and USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a

material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that Defendants Pribilski and USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### V.

IT IS FURTHER ORDERED that Defendant Pribilski and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this

1  Order, by personal service or otherwise, and each of them, be and hereby are
2  preliminarily restrained and enjoined from making use of the mails or any means or
3  instrumentality of interstate commerce to effect transactions in, or to induce or
4  attempt to induce the purchase or sale of, any security, without being registered as a
5  broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. §
6  78o(b), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

### VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Durmaz, Pribilski, and USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants Durmaz, Pribilski, and/or USARMS, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement of Defendants Durmaz, Pribilski, and/or USARMS.

### VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution,

brokerage firm, or Internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, such as personal or real property, held in the name of, for the benefit of, or over which account authority is held by Defendants Durmaz, Pribilski, and/or USARMS, and/or Relief Defendants Ince, Marlali Property, MGY, Gulen, or Karakus, or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including but not limited to the following accounts:

| Financial Institution, Bank, or e-currency entity | Account Name | Account Number (last four digits) |
|---|---|---|
| JP MORGAN CHASE (WAMU) | MARLALI PROPERTY INVESTMENT CO LLC | 0232 |
| JP MORGAN CHASE | USA FINANCIAL MANAGEMENT SERVICES INC | 0342 |
| JP MORGAN CHASE | MAHMUT E. DURMAZ | 5855 |
| JP MORGAN CHASE | SIBEL INCE | 8355 |
| JP MORGAN CHASE | SIBEL INCE | 5516 |
| HARRIS N.A. | MARLALI PROPERTY INVESTMENT CO LLC | 9029 |
| HARRIS N.A. | MARLALI PROPERTY INVESTMENT CO LLC | 9037 |
| HARRIS N.A. | MARLALI PROPERTY INVESTMENT CO LLC | 9053 |
| HARRIS N.A. | MARLALI PROPERTY INVESTMENT CO LLC | 6582 |
| HARRIS N.A. | USA RETIREMENT MANAGEMENT SERVICES | 1048 |
| HARRIS N.A. | USA FINANCIAL MANAGEMENT SERVICES INC | 0247 |

| Financial Institution, Bank, or e-currency entity | Account Name | Account Number (last four digits) |
|---|---|---|
| BANK OF AMERICA | MAHMUT E. DURMAZ | 4593 |
| BANK OF AMERICA | MAHMUT E. DURMAZ | 9161 |
| BANK OF AMERICA | MARLALI PROPERTY INVESTMENT CO LLC | 7574 |
| BANK OF AMERICA | MARLALI PROPERTY INVESTMENT CO LLC | 7587 |
| BANK OF AMERICA | MARLALI PROPERTY INVESTMENT CO LLC | 7590 |
| BANK OF AMERICA | MARLALI PROPERTY INVESTMENT CO LLC | 4956 |
| BANK OF AMERICA | MARLALI PROPERTY INVESTMENT CO LLC | 6514 |
| BANK OF AMERICA | SIBEL INCE | 1041 |
| BANK OF AMERICA | SIBEL INCE | 6211 |

## VIII.

IT IS FURTHER ORDERED that Stephen J. Donell is appointed as the permanent receiver of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, belonging to, being managed by, or in the possession of or control of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and any of their subsidiaries and affiliates, and that such permanent receiver is immediately

authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, sell, liquidate, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added as the sole authorized signatory for all accounts of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their subsidiaries and affiliates, including all accounts over which USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and any of their officers, employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm that has possession, custody or control of any assets or funds of USARMS and/or all entities controlled by Durmaz or Pribilski, including Marlali Property, or which maintains accounts over which USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and/or any of their officers, employees or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of, or managed by, USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such

investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of, or managed by, USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and/or their subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and to the Commission of the assets and financial condition of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and the assets under their management, including all notes, deeds of trust and other interests in real property, and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of such agreements as may be necessary and advisable in discharging its duties as permanent receiver;

G. to employ attorneys, accountants, and others to investigate, advise and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist, including in state or federal courts, or in foreign jurisdictions, as a result of the activities of present or past employees or agents of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property;

H. to have access to and monitor all mail of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, in order to review such mail which it deems relevant to the business of USARMS and all entities controlled by Durmaz or Pribilski, including

      Marlali Property, and the discharging of its duties as permanent receiver, and to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, or to any of their subsidiaries or affiliates;

I.   to operate and control the content of information posted on the Internet web sites of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property; and

J.   to exercise all of the lawful powers of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and USARMS and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers, notes, deeds of trust and other interests in real property, or other property of, or managed by, USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Defendants Durmaz, Pribilski, and USARMS, or their subsidiaries or affiliates, shall, without the written consent of the permanent receiver or order of this Court, take any action or purport to take any action, in the name of or on behalf of Defendants Durmaz, Pribilski, and USARMS, and all entities controlled by Durmaz or Pribilski, including Marlali Property, or any of their subsidiaries or affiliates.

## XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, or their subsidiaries and/or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby preliminarily enjoined from, directly or indirectly, with respect to USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, and their subsidiaries and affiliates:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against USARMS and any entities controlled by Durmaz or Pribilski, including Marlali Property, or any of their subsidiaries or affiliates;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, or any of their subsidiaries or affiliates, wherever situated; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or in the possession of Defendants Durmaz, Pribilski, and USARMS and all entities controlled by Durmaz or Pribilski, including Marlali Property, or any of their subsidiaries or affiliates, or in any way to interfere with

1 | or harass the permanent receiver, or its attorneys, accountants,
2 | employees or agents or to interfere in any manner with the discharge
3 | of the permanent receiver's duties and responsibilities hereunder.

### XII.

IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and USARMS and their subsidiaries and affiliates and their officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver, its attorneys, accountants, employees and agents and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver, its attorneys, accountants, employees or agents in the course of the permanent receiver's duties.  Defendants Durmaz, Pribilski, and USARMS, and their subsidiaries and affiliates and their officers, agents, servants, employees and attorneys, shall not interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.  Defendants Durmaz, Pribilski, and USARMS, and their subsidiaries and affiliates and their officers, agents, servants, employees and attorneys shall remove from any and all internet web sites over which any of them control the content, all materials concerning USARMS or any investment programs affiliated with USARMS.

### XIII.

IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and USARMS shall pay the costs, fees, and expenses of the permanent receiver incurred in connection with the performance of its duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist it in carrying out its duties and obligations.  All applications for costs, fees and expenses for services rendered in connection with the permanent receivership other than routine and necessary business expenses in conducting the permanent receivership, such as salaries, rent

1  and any and all other reasonable operating and liquidating expenses, shall be made
2  by application on at least a quarterly basis setting forth in reasonable detail the
3  nature of the services and shall be heard by the Court.

### XIV.

5  IT IS FURTHER ORDERED that no bond shall be required in connection
6  with the appointment of the permanent receiver. Except for an act of gross
7  negligence, the permanent receiver shall not be liable for any loss or damage
8  incurred by any of the Defendants, their officers, agents, servants, employees and
9  attorneys or any other person, by reason of any act performed or omitted to be
10 performed by the permanent receiver in connection with the discharge of its duties
11 and responsibilities.

### XV.

13 IT IS FURTHER ORDERED that representatives of the Commission are
14 authorized to have continuing access to inspect or copy any or all of the corporate
15 books and records and other documents of USARMS and all entities controlled by
16 Durmaz or Pribilski, and their subsidiaries and affiliates, and continuing access to
17 inspect their funds, property, assets and collateral, wherever located.

### XVI.

19 IT IS FURTHER ORDERED that, except as otherwise ordered by this
20 Court, Defendants Durmaz, Pribilski, and USARMS, and their officers, agents,
21 servants, employees, attorneys, subsidiaries and affiliates, and those persons in
22 active concert or participation with any of them, who receive actual notice of this
23 Order, by personal service or otherwise, and each of them, be and hereby are
24 preliminarily restrained and enjoined from, directly or indirectly: destroying,
25 mutilating, concealing, transferring, altering, or otherwise disposing of, in any
26 manner, any documents, which includes all books, records, computer programs,
27 computer files, computer printouts, emails, instant messages, contracts,
28 correspondence, memoranda, brochures, or any other documents of any kind in

1  their possession, custody or control, however created, produced, or stored
2  (manually, mechanically, electronically, or otherwise), pertaining in any manner to
3  USARMS, its subsidiaries and affiliates, including any investment programs
4  offered by any of them.

### XVII.

6      IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and
7  USARMS shall immediately prepare and deliver to the Commission a detailed and
8  complete schedule of all assets of Defendants Durmaz, Pribilski, and USARMS,
9  including all real and personal property exceeding $5,000 in value, and all bank,
10 securities, futures, Internet payment processor, and other accounts identified by
11 institution, branch address and account number.  The accountings shall include a
12 description of the source(s) of all such assets.  Such accountings shall be filed with
13 the Court and copies shall be delivered to the attention of Morgan Ward Doran at the
14 Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard,
15 11th Floor, Los Angeles, California 90036.  After completion of the accountings,
16 Defendants Durmaz, Pribilski, and USARMS shall produce to the Commission's
17 Los Angeles Regional Office, at a time agreeable to the Commission, all books,
18 records and other documents supporting or underlying the accountings.

### XVIII.

20     IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and
21 USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries
22 and affiliates, including all entities in receivership, shall immediately cause to be
23 prepared and delivered to the permanent receiver a detailed and complete schedule
24 of all desk top computers, laptop computers and/or personal digital assistants
25 ("PDA") owned and/or used by them in connection with their business.  In the case
26 of the individual defendants, they shall immediately prepare and deliver to the
27 permanent receiver a detailed and complete schedule of all desk top computers,
28 laptop computers and/or PDAs owned, controlled or used by them for any purpose.

The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

### XIX.

IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and USARMS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall immediately cause to be prepared and delivered to the permanent receiver a detailed and complete schedule of all passwords, usernames, identification numbers and similar information for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which any of them have access.

### XX.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery is granted and that, immediately upon entry of this Order, the Commission may take depositions upon oral examination and obtain document production from parties and non-parties subject to two business days notice; and may serve interrogatories and requests for admissions subject to response within five calendar days of service. Service of all expedited discovery requests shall be proper if made upon the parties by facsimile, electronic mail, or overnight courier.

### XXI.

IT IS FURTHER ORDERED that Defendants Durmaz, Pribilski, and USARMS, and Relief Defendants Ince, Marlali Property, MGY, Gulen, and Karakus, and each of them, shall immediately transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Durmaz,

1 Pribilski, USARMS, Ince, Marlali Property, MGY, Gulen, and/or Karakus, or for the
2 benefit or under the direct or indirect control of any of them, or over which any of
3 them exercise control or signatory authority, or that they transferred out of the
4 United States from any account within the territory of the United States at any point
5 from January 1, 2005, to the present. Defendants shall immediately provide to this
6 Court and to the Commission a written description of all such funds and assets
7 required to be repatriated, and the status and location of such funds.

## XXII.

9 IT IS FURTHER ORDERED that, immediately upon entry of this Order and
10 service thereof, defendants Durmaz and Pribilski shall surrender to the Clerk of the
11 Court all passports that they hold. The Clerk of the Court shall maintain custody
12 of such passports until otherwise ordered by this Court.

## XXIII.

14 IT IS FURTHER ORDERED that defendants Durmaz and Pribilski are
15 prohibited from travelling outside of the United States unless and until this Court
16 finds that they have fully complied with the provisions of this order that require
17 them to provide accountings and to repatriate any assets.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## XXIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: March 24, 2010

*George H. Wu*
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ David J. Van Havermaat
David J. Van Havermaat
Morgan B. Ward Doran
Attorneys for Plaintiff
Securities and Exchange Commission

17