UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:10-cv-01689-JLS-AJW            Date: September 19, 2018
Title: Securities and Exchange Commission v. Francois E. Durmaz et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                         Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL (Doc. 111)

     Before the Court is Receiver Stephen Donnell's Motion for Approval of (1) Receiver's Final Account and Report and Compensation [sic]; (2) Request for Compensation of Receiver's Counsel and Accountant; (3) Discharge of the Receiver; (4) Abandonment or Destruction of Books and Records; (5) Disbursement of Remaining Funds; and (6) Exoneration of the Bond. (Mot., Doc. 111.) No opposition to the Motion has been filed. For the following reasons, the Court GRANTS the Motion.

### I. BACKGROUND

     In March 2010, the SEC filed a Complaint against Defendants Francois Durmaz, a/k/a Mahmut Durmaz, Robert Pribilski, USA Retirement Management Services, a/k/a USA Financial Management Services Inc., and Relief Defendants Sibel Ince, Mehmet Karakus, Marlali Gayrimenkul Yatirimlari, Marlali Property Investment Company, LLC, and Gulen Enterprises, Inc. (Compl., Doc. 1.) The Complaint alleged that Defendants perpetrated an investment scheme whereby they defrauded investors and misappropriated investment funds in violation of federal securities laws.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:10-cv-01689-JLS-AJW   Date: September 19, 2018
Title: Securities and Exchange Commission v. Francois E. Durmaz et al.

On March 9, 2010, the Court[1] issued a Temporary Restraining Order in which it appointed Stephen Donnell as Temporary Receiver for Defendant USA Retirement Management Services ("USA") and all associated entities, including subsidiaries and affiliates, controlled by Defendants Durmaz and Pribliski. (TRO, Doc. 10.) On March 24, 2010, the Court issued an Order appointing Donnell as Permanent Receiver. (Preliminary Injunction at 7–8, Doc. 25.) Pursuant to his appointment, the Receiver was empowered and directed to take custody of all assets belonging to the Receivership entities and to manage or liquidate those assets in order to recover funds for the benefit of defrauded individuals. (*Id.*) Additionally, the Receiver was empowered to engage attorneys, accountants, and other persons necessary to assist in investigation, discovery, and prosecution of all claims related to the Receivership. (*Id.* at 8–9.)

For the past eight years, the Receiver has worked competently and diligently to investigate a complex misappropriation scheme and properly administer the Receivership Estate. (*See* First Interim Rpt., Ex. D to Mot., Doc. 111-4.) To assist in his duties, the Receiver engaged the law firm of Ervin, Cohen, & Jessup (ECJ) as general counsel and the accounting firm of Crowe Horwath (Crowe) as a forensic and tax accountant. (Mem. at 6.) On May 6, 2010, the Court ratified the employment of these professionals and granted the Receiver's Motion to liquidate the assets of the Receivership. (Order Ratifying Employment & Liquidation, Doc. 33.)

On June 28, 2010, the Receiver filed a First Status Report that detailed the inventory of assets of the Receivership and the progress of the liquidation efforts. (First Status Rpt., Ex. E to Mot., 111-5.) Although a substantial portion of misappropriated funds were held in Turkey and therefore unrecoverable, the Receiver was nonetheless able to recover $940,712.48. (Final Accounting Rpt. at 45, Ex. C. to Mot., Doc. 111-3.) On September 28, 2010, the Court approved the Receiver's Claims Procedure, by which potential claimants could make claims against the recovered funds. (*See* Order Approving Claims Procedure, Doc. 49.) During this process, the Court granted two

---

[1] For the sake of simplicity, the Court refers to all prior orders in this case as orders of this Court. However, the Court notes that the Honorable George H. Wu presided over this case prior to August 18, 2010, when it was transferred to this Court's docket. (*See* Doc. 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:10-cv-01689-JLS-AJWDate: September 19, 2018
Title: Securities and Exchange Commission v. Francois E. Durmaz et al.

interim fee applications, awarding $349,481.16 to the Receiver; $116,753.83 to ECJ; and $144,179.91 to Crowe. (*See* Docs. 71, 97.)

In April 2011, due to certain confidential issues that arose during administration of the Receivership, the Receiver applied for and was granted authorization to employ special counsel. (Order Authorizing Special Counsel, Doc. 78.) Special counsel incurred $14,665.00 in fees and expenses, which were paid out of the Receivership Estate. (Mem. at 11.)

Finally, on April 12, 2012, the Court entered final judgment against all Defendants. (Judgment, Doc. 105.)

On December 22, 2017, the Receiver moved for discharge, termination of the Receivership, and compensation for the Receiver and his retained professionals. (Doc. 106.) However, the Court denied the Reciever's motion without prejudice because there were certain accounting discrepancies between the motion and the underlying documents. After rectifying those errors, the Receiver filed the instant Motion.

## II. FEE REQUEST

### A. Legal Standard

In a securities fraud action, the district court may establish a receivership to prevent the defendants from further dissipating the investors' assets. *S.E.C. v. J.T. Wallenbrock & Associates*, 584 Fed. App'x 424, 425 (9th Cir. 2014). "The court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934). The time, labor, and skill of the receiver, along with the magnitude of the project, are factors a court may consider when approving fees. *S.E.C. v. Med. Capital Holdings, Inc.*, No. SACV 09:08-18-DOC (RNBx), 2016 WL 9211652, at *1 (C.D. Cal. Oct. 14, 2016). The Court considers similar factors in calculating fees for the receiver's professionals. *S.E.C. v. Stinson*, No. 10–3130, 2015 WL 115495, at *3 (E.D. Pa. Jan. 8, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:10-cv-01689-JLS-AJW             Date: September 19, 2018
Title: Securities and Exchange Commission v. Francois E. Durmaz et al.

    Moreover, courts give "great weight" to acquiescence by the SEC to the fee application. *Id.*; *accord Med. Capital Holdings*, 2016 WL 9211652, at *1.

    B. **Discussion**

    The Receiver now requests compensation for fees and expenses incurred since February 9, 2012, the most recent date in which the Court approved a distribution. (*See* Doc. 97.)

    The following chart sets forth the fees and expenses incurred in total over the period of the Receivership, the compensation previously approved by the Court, and the compensation requested by the instant Motion:

|  | **Total Fees/Expenses Incurred** | **Fees/Expenses Approved** | **Fees/Expenses Requested** |
|---|---|---|---|
| **Receiver** | $402,523.13 (Fees) | $331,712.64 (Fees) | $70,810.49 (Fees) |
|  | $17,234.81 (Expenses) | $15,868.52 (Expenses) | $1,366.29 (Expenses) |
| **ECJ** | $167,748.17 | $132,144.83 | $29,998.35 (Fees) |
|  |  |  | $5,604.99 (Expenses) |
| **Crowe** | $182,184.48 | $144,608.41 | $37,100.60 (Fees) |
|  |  |  | $475.47 (Expenses) |

    In addition to the Receiver's compensation request, there are fourteen priority claims to Receivership Estate; the first is an administrative claim by 2121 Avenue of the Stars, LLC for $29,243.46 (Order re: 2121 Avenue of the Stars, Ex. G to Mot., Doc. 111-7), and the remaining thirteen are wage claims by former employees of the Receivership Entities, which total $22,486.52. However, the majority of recovered funds have already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:10-cv-01689-JLS-AJW                                        Date: September 19, 2018
Title:  Securities and Exchange Commission v. Francois E. Durmaz et al.

been exhausted by the costs of administration, and the total remaining balance of the Receivership assets is $71,629.30.  (Mem. at 14–15.)

When, as here, there are insufficient funds in a receivership estate to satisfy all claims, the costs and expenses of the receiver and his retained professionals are entitled to highest priority of distribution, as consistent with principles of bankruptcy law.  2 *Clark on Receivers* § 482 (3d 2d. 1992).  *See* C.D. Cal. R. 66-3 ("[A] receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy."); 11 U.S.C. § 507(a)(1)(C).

Accordingly, the Receiver, ECJ, and Crowe are entitled to distribution of the remaining balance of the Receivership Estate.  In the event that funds become available, the Receiver will distribute those funds on a *pro rata* basis to pay the priority claims of 2121 Avenue of the Stars and employee wages.  (Mem. at 15.)

The Receiver proposes the following distribution, which compensates each professional with roughly 65% of fees owed and 100% of expenses owed:

|  | **Fees Incurred since 02/09/12** | **Fees Requested** | **Expenses Due/Expenses Requested** |
|---|---|---|---|
| **Receiver** | $70,810.49 | $32,954.98 | $1,366.29 |
| **ECJ** | $29,998.35 | $13,961.14 | $5,604.99 |
| **Crowe** | $37,100.60 | $17,266.51 | $475.47 |

The Court finds the proposed plan of distribution reasonable.  Moreover, the Court has reviewed the billing records and expense receipts submitted by the Receiver, which delineate the total incurred since the Court's last fee approval.  (*See* Doc. 97.)  The Court finds the hours billed are reasonable in light of the complexity of the case and the length of the time of the Receivership, *see Med. Capital Holdings, Inc.*, 2016 WL 9211652, at *2, and they are adequately documented by specific billing entries.  (*See* Exs. A–C to Moldo Decl., Docs. 116-1, 116-2, 116-3.)  Moreover, the rates charged reflect a discount from the Receiver's usual billing rate and are consistent with the rates the Court has previously approved.  (*Compare* Ex. B to Moldo Decl. at 390 *with* Doc. 71 at 3.)  Finally, the SEC has not opposed any aspect of this Motion, and thus "the Court [] construes the SEC's silence as agreement with the reasonableness of the requests."  (*See* Doc. 71 at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:10-cv-01689-JLS-AJW　　　　　　　　　　　　　Date: September 19, 2018

Title: Securities and Exchange Commission v. Francois E. Durmaz et al.

Accordingly, the Court GRANTS the Receiver's fee request.

### III. <u>TERMINATION OF RECEIVERSHIP</u>

A receiver's motion for approval of discharge and termination of the receivership may be granted if the Court finds it reasonable and appropriate to do so. *Stooksbury v. Ross*, No. 3:09-CV-498-TAV-HBG, 2015 WL 11170832, at *2 (E.D. Tenn. Dec. 23, 2015), *report and recommendation adopted*, No. 3:09-CV-498-TAV-HBG, 2016 WL 158533 (E.D. Tenn. Jan. 13, 2016). *See also Med. Capital Holdings, Inc.*, 2016 WL 9211652, at *2. Local Rules 6-1 and 66-7 require that notice of an application for termination and discharge is to be given by mail not later than thirty-one days before the date of the hearing on the application. C.D. Cal. R. 6-1, 66-7.

In accordance with the Local Rules, the Receiver mailed notice of this Motion to all interested parties on June 20, 2018. (*See* Notice of Mot., Doc. 112.) Based on the Receiver's thorough investigation and completion of administration as detailed above, the Court finds that it is reasonable and appropriate terminate the Receivership at this juncture. Accordingly, the Court GRANTS the Motion for Approval of Final Account and Report, Discharge of the Receiver, Abandonment or Destruction of Books and Records, Disbursement of Remaining Funds, and Exoneration of the Bond.

### IV. <u>CONCLUSION</u>

Pursuant to the foregoing, the Court GRANTS the Receiver's Motion for Approval of 1) Receiver's Final Account and Report and Compensation; (2) Request for Compensation of Receiver's Counsel and Accountant; (3) Discharge of the Receiver; (4) Abandonment or Destruction of Books and Records; (5) Disbursement of Remaining Funds; and (6) Exoneration of the Bond.

Initials of Preparer: tg